USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 30 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :   15 Cr. 377 (AJN)
                                    :
        - v. -                      :   **PROTECTIVE ORDER**
                                    :
STEVEN RAWLINS,                     :
                                    :
                Defendant.          :
- - - - - - - - - - - - - - - - - - x

      WHEREAS, on or about October 23, 2015, the United States of America, Preet Bharara, United States Attorney for the Southern District of New York, by and through Assistant United States Attorneys Andrew Bauer and Andrew DeFilippis, of counsel, made an application for a protective order concerning the dissemination of certain information about one of its trial witnesses (the "Confidential Information");

      WHEREAS, on or about October 20, 2015, the Government submitted an *ex parte* application seeking a Court order permitting it to not disclose the Confidential Information to defense counsel of record in this action ("Defense Counsel"). On October 21, 2015, the Court issued a sealed order denying the Government's request, and directed the Government to submit a letter, under seal, with its view on how the Court should treat its order in light of its denial of the Government's application. On October 23, 2015, the Government submitted a

letter to the Court requesting that the Court's Order remain under seal, and that disclosure of the Confidential Information to Defense Counsel be subject to a protective order. On October 26, 2015, the Court endorsed the Government's letter, and directed the Government to consult with Defense Counsel regarding a protective order. On October 28, 2015, the Government consulted with Defense Counsel, who agreed that the Confidential Information was not material to its trial defense, and further agreed that dissemination of the Confidential Information could unnecessarily jeopardize ongoing law enforcement operations;

IT IS HEREBY ORDERED, in light of the consent of the defendant by and through his counsel, Richard Braun, Esq. and Steven Brill, Esq., and for good cause shown based on the Court's independent review, that (1) the Government disclose to Defense Counsel of record in this action ("Defense Counsel") a copy of the Government's *Ex Parte* Application, dated October 20, 2015, and all subsequent correspondence with the Court, namely the Court's Sealed Order, dated October 21, 2015, the Government's Sealed Application, dated October 23, 2015, and the Court's Sealed Order, dated October 26, 2015; and (2) Defense Counsel must maintain these documents as "attorneys eyes only," that is Defense Counsel is precluded from discussing or disseminating the Confidential Information with the defendant,

and may not discuss or disseminate the Confidential Information beyond Defense Counsel, and any paralegal, investigator or staff employed by the defense ("Designated Persons");

IT IS FURTHER ORDRED that if Defense Counsel wishes to disseminate or disclose the Confidential Information to the defendant or any person other than the Designated Persons, Defense Counsel must make a written request to the Government for an exception to these restrictions. The Government shall make all reasonable efforts to accommodate such requests. If such requests are refused, the Defense Counsel may seek relief from the Court. In addition, no persons shall be provided, shown, or read the contents of any documents produced pursuant to terms of this Order, or any copy thereof, unless and until they have been provided with a copy of this Order. Defense counsel shall maintain a record of all such persons and shall certify in writing that each such person was provided with a copy of this Order. Each person provided with, shown, or read the contents of any documents covered by this Order shall be bound by the terms of this Order, and shall be advised by the defendant's counsel of record that any knowing violation of this Order may be punished as contempt.

IT IS FURTHER ORDRED that Defense Counsel will not attach any documents produced pursuant to this Order to any public filings with the Court or publicly disclose any such documents,

or their contents in any other manner, without prior notice to the Government. If the defendant and his counsel of record in this action and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

Dated:    New York, New York
          October 30, 2015

SO ORDERED:

_____
HON. ALISON J. NATHAN


AGRRED AND CONSENTED TO:

_____ for Richard Braun          October 29, 2015
Richard J. Braun, Esq.                        Date
Attorney for STEVEN RAWLINS

4