UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

—v—

Steven Rawlins,

         Defendant.

15-CR-377 (AJN)

ORDER

---

ALISON J. NATHAN, District Judge:

On October 20, 2015, the Government filed a motion *ex parte* and under seal seeking authorization not to disclose to the Defendant that one of its witnesses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Government argues that disclosure of this information is not required by *Brady v. Maryland*, 373 U.S. 83, 87 (1963) or *Giglio v. United States*, 405 U.S. 150, 154 (1972).

In support of its motion, the Government points to   Here, however, the Government's request comes in a procedurally different posture: The Government requests a pre-trial determination that certain evidence is not discoverable under *Brady* or *Giglio*.

"[T]he scope of a defendant's [*Brady* and *Giglio*] constitutional right[s] [are] ultimately defined retrospectively, by reference to the likely effect that the suppression of particular evidence had on the outcome of the trial." *Poventud v. City of New York*, 750 F.3d 121, 134 (2d Cir. 2014) (citing *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001)). For this reason, at

1

least one court in this district has denied a motion similar to Government's instant motion, finding it "inappropriate to give a kind of ex ante blessing to the government's proposed course of action" when *Giglio* issues "can only be finally decided after the fact." *United States v. Madori*, No. S2 02-CR-274 (GEL), 2004 WL 2274756, at *8 (S.D.N.Y. Oct. 7, 2004) *aff'd in relevant part*, 419 F.3d 159 (2d Cir. 2005); *see also United States v. Fawwaz*, No. S7 98-CR-1023 (LAK), 2013 WL 5429226, at *1 (S.D.N.Y. Sept. 24, 2013) ("[I]t is questionable whether it . . . may be determined in advance of trial that particular materials are or are not [discoverable under *Brady* or *Giglio*].").

Furthermore, the Government does not point to a sufficient basis to proceed *ex parte*. *See United States v. Madori*, 419 F.3d 159, 171 (2d Cir. 2005) ("During criminal trials, ex parte contacts between a party and the trial judge are nearly always problematic in light of the Sixth Amendment's guarantee of a public trial."). Although the Government vaguely indicates that disclosure of the witness's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These facts are plainly insufficient to conclude that the witness's safety is in danger.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As the Government admits, these cases concern disclosure pursuant to Federal Rule of Criminal Procedure 16 as opposed to *Brady* or *Giglio*. *See id.*

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2



For these reasons, the Court denies the Government's motion. The Government is ordered to show cause via letter on or before October 23, 2015 as to why this Order should not be publicly docketed.

SO ORDERED.

Dated: October 21, 2015
New York, New York

ALISON J. NATHAN
United States District Judge