UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

　　　　-v.-

STEVEN RAWLINS,

　　　　Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 21 2016
```

**PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTIES/MONEY JUDGMENT**

15 Cr. 377 (AJN)

　　　　WHEREAS, on June 16, 2015, STEVEN RAWLINS (the "Defendant") was charged in a one-count Information, 15 Cr. 377 (AJN) (the "Information"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One);

　　　　WHEREAS, the Information included a forfeiture allegation as to Count One of the Information seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the forfeiture of any and all property, real or personal, constituting or derived from any proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offense charged in Count One of the Information;

　　　　WHEREAS, on November 16, 2015, following a trial, a jury in the Southern District of New York found the Defendant guilty of Count One of the Information;

　　　　WHEREAS, on June 21, 2016, the Defendant was sentenced and ordered to forfeit: (i) $10,110,577.09 in United States currency, representing the amount of proceeds obtained as a result of the offense charged in Count One of the Information, and (ii) all of his right, title and interest in the following purchased by Defendant, or by others, constituting or

derived from proceeds traceable to the commission of the offense charged in Count One of the Information:

    a.    a "Man in the Moon Feeding Spoon" purchased on or about January 14, 2011 from Tiffany & Co. valued at $125.00;

    b.    a "ABC Bears Feeding Spoon" purchased on or about January 14, 2011 from Tiffany & Co. valued at $125.00;

    c.    a Heart Tag Bracelet purchased on or about February 14, 2011 from Tiffany & Co. valued at $230.00;

    d.    Bull & Bear cufflinks purchased on or about February 26, 2011 from Tiffany & Co. valued at $275.00;

    e.    a Cross Pendant purchased on or about June 30, 2011 from Tiffany & Co. valued at $2,700.00;

    f.    Hoop Earrings purchased on or about December 20, 2011 from Tiffany & Co. valued at $2,500.00;

    g.    Jazz Drop Earrings purchased on or about December 20, 2011 from Tiffany & Co. valued at $3,900.00;

    h.    a Platinum Chain purchased on or about December 22, 2011 from Tiffany & Co. valued at $400.00;

    i.    Jazz Drop Earrings purchased on or about December 22, 2011 from Tiffany & Co. valued at $3,900.00;

    j.    a Dog Charm purchased on or about December 22, 2011 from Tiffany & Co. valued at $2,300.00;

    k.    Hoop Earrings purchased on or about July 15, 2012 from Tiffany & Co. valued at $4,500.00;

    l.    an Atlas Ring purchased on or about September 21, 2012 from Tiffany & Co. valued at $1,500.00;

    m.    a Tanzanite Diamond Ring purchased on or about October 4, 2012 from Tiffany & Co. valued at $7,200.00;

    n.    a 3.090 carat diamond ring purchased on or about March 2, 2013 from Tiffany & Co. valued at $91,000.00;

  o. a Jazz Bracelet purchased on or about August 15, 2013 from Tiffany & Co. valued at $10,000.00;

  p. Jazz Earrings purchased on or about October 19, 2013 from Tiffany & Co. valued at $6,000.00;

  q. a Cobblestone Diamond necklace purchased on or about October 19, 2013 from Tiffany & Co. valued at $30,000.00; and

  r. Lucida Cufflinks purchased on or about October 19, 2013 from Tiffany & Co. valued at $3,000.00;

(collectively, the "Specific Properties");

  WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest therein;

  NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

  1. As a result of the offense charged in Count One of the Information, to which the Defendant was found guilty of, a money judgment in the amount of $10,110,577.09 in United States currency (the "Money Judgment") shall be entered against the Defendant.

  2. As a result of the offense charged in Count One of the Information, to which the Defendant was found guilty of, all of the Defendant's right, title and interest in the Specific Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Properties to the United States, the Specific Properties shall be applied towards the Money Judgment in partial satisfaction of the Money Judgment.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. Upon entry of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Specific Properties and hold the Specific Properties in its secure custody and control.

5. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment.  Any person, other than the Defendant in this case, claiming an interest in any of the Specific Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in any of the Specific Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in any of the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7.       Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8.       Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9.       All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

10.      Upon entry of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

11.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

12. This Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Properties/Money Judgment to Assistant United States Attorney Jason H. Cowley, Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       June 21, 2016

SO ORDERED:

_____
HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE