

**MANDATE**

16-2074-cr
*United States of America v. Steven Rawlins*

N.Y.S.D. Case #
15-cr-0377(AJN)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand seventeen.

PRESENT:   JOHN M. WALKER, JR.,
           JOSÉ A. CABRANES,
           REENA RAGGI,
                    *Circuit Judges.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 22, 2017
```

UNITED STATES OF AMERICA,

      *Appellee,*

v.

STEVEN RAWLINS,

      *Defendant-Appellant.*

16-2074-cr

FOR APPELLEE: Andrew DeFlippis (Karl Metzner, *on the brief*) for Acting United States Attorney for the Southern District of New York Joon H. Kim, New York, NY.

FOR DEFENDANT-APPELLANT: Steven Gary Brill (James Healy, *on the brief*) Sullivan & Brill, LLP, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**MANDATE ISSUED ON 11/22/2017**

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Steven Rawlins appeals the June 21, 2016 judgment of the district court, finding him guilty of one count with wire fraud in violation of 18 U.S.C §§ 1343 and 2, following a two-week jury trial. The district court principally sentenced Rawlins to 108 months imprisonment, followed by three years of supervised release, and ordered Rawlins to pay restitution in the amount of $12,203,209.70.

On appeal, Rawlins primarily argues that the district court: (1) abused its discretion in denying his request to cross-examine Mr. Sharpe on his extramarital affair; (2) abused its discretion in denying his request to cross-examine Mr. Sharpe on the details of the civil suit filed by Rawlins against Prime Health Services, Inc.; (3) violated his right to a fair trial by admitting uncharged crimes and bad acts as direct evidence; (4) erred in finding the existence of an uncharged conspiracy, pre-trial, and then ruling that statements of Franklin Palm were admissible as non-hearsay statements of a co-conspirator made during and in furtherance of the conspiracy; (5) erred in its jury instructions on Blackmail and an Authorization Defense; and (6) erred in increasing his offense level under the Sentencing Guidelines by four because it made a clearly erroneous finding of fact that Rawlins employed sophisticated means in the commission of his crime, pursuant to U.S.S.G. § 2B1.1(b)(10)(C), and obstructed justice, pursuant to U.S.S.G. § 3C1.1. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Upon independent review of the record, and for the reasons principally set forth in the district court's orders and judgment, we find Rawlins's claims to be without merit. We have considered all of the arguments raised by the parties on appeal and the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

*/s/ Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
*/s/ Catherine O'Hagan Wolfe*

2