UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Steven Rawlins,

Defendant.

15-CR-377 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

The Court has received a motion for compassionate release from Defendant Steven Rawlins filed *pro se*. Defendant's request to seal the medical records and proposed release plan attached to his motion is GRANTED; those documents will be filed under seal. The remainder of Defendant's motion is attached to this Order on the public docket.

The Government shall file a response to Defendant's motion no later than **December 1, 2022.**

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant and to note the mailing on the public docket.

SO ORDERED.

Dated: November 17, 2022
       New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge,
sitting by designation

UNITED STATES DISTRICT COURT
FOR THE
__Southern__ DISTRICT OF __New York__

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. __1:15-cr-00377__ <br> (write the number of your criminal case) |
| v. <br><br> __Steven W. Rawlins__ <br> Write your full name here. | **MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)** <br> (*Pro Se* Prisoner) |

---

**NOTICE**

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

☒ Yes

☐ No

If you answered yes, please list the documents in section IV of this form.

Page **1** of **6**

I.  **SENTENCE INFORMATION**

Date of sentencing: 6.21.2016

Term of imprisonment imposed: 108 months

Approximate time served to date: 75 months

Projected release date: 5.2.2023

Length of Term of Supervised Release: 36 months

Have you filed an appeal in your case?

☒ Yes

☐ No

Are you subject to an order of deportation or an ICE detainer?

☐ Yes

☒ No

II.  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**[1]

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the Bureau of Prisons related to your motion, including your written request to the Warden and records of any denial from the Bureau of Prisons.

---

[1] The requirements for this compassionate release motion being filed with the court differ from the requirements that you would use to submit a compassionate release request to the Bureau of Prisons. This form should only be used for a compassionate release motion made to the court. If you are submitting a compassionate release request to the Bureau of Prisons, please review and follow the Bureau of Prisons program statement.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

■ Yes, I submitted a request for compassionate release to the warden on (date) <u>09/12/2022 *</u>.

☐ No, I did not submit a request for compassionate release to the warden.

If no, explain why not:

<u>* See attachment.  I am under the jurisdiction of the RRM, Nashville, TN                     </u>

<u>                                                                                              </u>

Was your request denied by the Warden?

☐ Yes, my request was denied by the warden on (date): _____.

■ No. I did not receive a response yet.

**III.    GROUNDS FOR RELEASE**

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You may also attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

**A.  Are you 70 years old or older?**

☐ Yes.

■ No.

If you answered no, go to Section B below. You do not need to fill out Section A.

If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

☐ Yes.

☐ No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

☐ Yes.

☐ No.

**B. Do you believe there are other extraordinary and compelling reasons for your release?**

☒ Yes.

☐ No.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

- ☐ I have been diagnosed with a terminal illness.

- ☐ I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

- ☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

- ☐ The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children.

- ☐ My spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner.

- ☒ There are other extraordinary and compelling reasons for my release.

Page **4** of **6**

Please explain below the basis for your request. If there is additional information regarding any of these issues that you would like the Court to consider but which is confidential, you may include that information on a separate page, attach the page to this motion, and, in section IV below, request that that attachment be sealed.

Attached

### IV. ATTACHMENTS AND REQUEST TO SEAL

Please list any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged but not required to complete the proposed release plan. A cover page for the submission of medical records and additional medical information is also included as an attachment to this motion. Again, you are not required to provide medical records and additional medical information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | | Request to seal? | |
|---|---|---|---|---|
| Proposed Release Plan | ☒ Yes | ☒ No | ☒ Yes | ☐ No |
| Additional medical information | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| Spouse medical information | ☐ Yes | | ☐ Yes | ☐ No |
| | ☐ Yes | | ☐ Yes | ☐ No |

## V. REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me.

☒ Yes

☐ No

## VI. MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

11.14.2022
Date

*Steven W. Rawlins*
Signature

Steven W. Rawlins
Name

22715-075
Bureau of Prisons Register #

RRM Nashville, TN
Bureau of Prisons Facility

701 Broadway, Suite 124  Nashville, TN 37203
Institution's Address

**Statement of Steven Rawlins**

My name is Steven Rawlins (22715-075), I am 66 years of age, and I have been on home confinement since May 9, 2020. My record while on home confinement, as well as my total time at SPC Millington Camp (Memphis), has been stellar, without any incident. I reported to FCI Memphis (Millington Camp) on September 2, 2016.

On January 13, 2022, the BOP published a rule implementing the Earned Time Credits that were included in the First Step Act. During my tenure at camp I worked in Education the entire time. I tutored and mentored inmates and taught ACE classes each quarter. I also completed the Career Development Technician Apprenticeship in March/April, 2019. This 4,500 hour standardized Department of Labor Apprenticeship is approved by the BOP for First Step Time Credits as per the First Step Act Approved Programs Guide. I was already in process with my apprenticeship when the FSA was enacted in December, 2018. . As per my PATTERN score I am classified minimum risk for recidivism, thus eligible for 15 days credit for each 30 day period. My "outdate" is 5/2/2023 which as of today leaves less than 7 months remaining. Total credits earned through August 2022 total over 32½ months. I also completed additional programs such as the Threshold Program, which I did not include in these calculations. My work and my Apprenticeship were both overseen by Mr.Colbert Shaffer.

Since May 8, 2020 I have been on home confinement and have had zero incidents or write-ups. I also have my own health coverage.

My wife and I have been married since 1979. On June 4, 1993 my wife fell from a second story attic in a house we were building and suffered substantial injuries, especially to her head and back. These included two concussions, sheared transverse processes, broken elbow, foot, and ribs. The resulting issues from these injuries left her with an inability to sleep without medication as well as mobility and cognitive challenges. Her neurological injuries were treated by the Howell-Allen Clinic in Nashville, TN. Her primary physician was Dr. Gregory Lanford. In 2011 she had laser surgery on her spine in order to repair some residual damage. We are now looking to insertion of rods in her back due to injury-related deterioration. In 2019 she had a total replacement of the right knee. In November 2020 the left knee was replaced. In 2021 she had surgery to repair a tendon tear on her left hand. She also suffers from asthma and respiratory issues. Her medications, in addition to Zopidem (for sleep) include medication for asthma and anxiety. Much of my time is spent assisting her in daily activities, especially regarding mobility and cognitive issues. Although she is keeping as active as she can, these issues will continue to deteriorate as time progresses. I am her only source of assistance.

I respectfully request that I be granted compassionate release.

*Steven W. Rawlins*

Steven W. Rawlins
11.14.2022

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES (ATTACHMENT)

Initial request for Compassionate Release was filed on 9/12/2022 via email transmission to RRM and copied to Dismas Charities (Halfway House).

Status inquiry was submitted on 9/21/2022 via email transmission to RRM and copied to Dismas Charities.  I was informed there had been no response.

Status inquiry was submitted on 10/9/2022 via email transmission to RRM and copied to Dismas Charities.  I was informed there had been no response.

Inquiry was submitted on 11/4/2022 via conference with Dismas Charities.  I was informed there had been no response.

As per BOP protocol response was due 30 days from submission on 9/12/2022.  Thus, response would be due 10/12/2022.  I have allowed an additional month for response.