

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 1, 2022

**BY ECF**
The Honorable Alison J. Nathan
U.S. Circuit Judge (Sitting by Designation)
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Steven Rawlins*, 15 Cr. 377 (AJN)

Dear Judge Nathan:

      The Government respectfully submits this letter in opposition to defendant Steven Rawlins' ("Rawlins'") *pro se* motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release (the "Motion"). *See* ECF No. 173. Rawlins fails to demonstrate that he has exhausted his administrative remedies, he has not established any extraordinary and compelling reason meriting compassionate release, and the 18 U.S.C. § 3553(a) factors weigh against release. Accordingly, the Motion should be denied.

**I.    Background**

    **A.  Offense Conduct**

      Between 2009 and 2013, Rawlins—a resident of Tennessee—misappropriated at least $10 million from two healthcare services companies for which he served as a financial consultant and as acting CFO. Presentence Investigation Report ("PSR") ¶¶ 7-8, 10-27, 30. In particular, Rawlins was initially retained in 2004 by a healthcare services company based in Tennessee to serve as a financial consultant. *Id.* ¶ 7. Rawlins was also retained in 2010 by another healthcare services company with operations in New York and Florida to perform a similar role. *Id.* Using his authority as CFO, Rawlins withdrew funds from the companies, purportedly to pay taxes, financing and due diligence fees, insurance payments, and other legitimate business payments, but instead diverted those funds into various bank accounts that were affiliated with him. PSR ¶¶ 10-27.

      On June 16, 2015, Rawlins was charged in a one-count felony information with wire fraud, in violation of 18 U.S.C. § 1343. *See* ECF No. 18.

### B. Trial, Sentence, and Post-Conviction Proceedings

On November 16, 2015, Rawlins was convicted by a jury of one count of wire fraud following a two-week trial. On June 2, 2016, this Court sentenced Rawlins principally to 108 months' imprisonment. ECF No. 143 ("Sentencing Tr."[1]), at 80. The Court also ordered Rawlins to forfeit $10,110,577.09 and pay $12,203,209.70 in restitution. ECF No. 141.

On June 22, 2016, Rawlins filed a notice of appeal from his judgment of conviction. ECF No. 142. The Second Circuit affirmed the judgment of this Court on August 22, 2017. *United States v. Rawlins*, 696 F. App'x 22 (2d Cir. Aug. 22, 2017) (memorandum).

On January 3, 2019, Rawlins filed a motion for relief under 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel at trial and challenging his restitution and forfeiture order on due process grounds. ECF No. 157. This Court denied the motion on October 5, 2021. *Rawlins v. United States*, 19 Civ. 135 (AJN), 15 Cr. 377 (AJN), 2021 WL 4555962 (S.D.N.Y. Oct. 5, 2021).

### C. Instant Motion

On November 14, 2022, Rawlins filed the Motion, arguing that the Court should grant compassionate release. *First*, Rawlins appears to argue that the BOP miscalculated the Earned Time Credits to which he is entitled under the First Step Act, and that he should be released by May 2, 2023, if not earlier, based on his own calculations of his Earned Time Credits. *Second*, Rawlins points to his lack of any disciplinary incidents while incarcerated and while on home confinement, as well as the educational and vocational programs he has participated in while incarcerated. *Third*, Rawlins claims to be the only source of assistance for his wife, who suffers from residual medical issues after a fall from a second story attic in 1993 that resulted in severe head and back injuries. Rawlins also asserts that his wife currently suffers from various other maladies, including knee issues, asthma, and respiratory issues.

### D. Current Custody Status

The defendant is currently under home confinement managed by RRM Nashville, a Bureau of Prisons ("BOP") Residential Reentry Management field office located in Nashville, Tennessee. Rawlins' projected release date is October 19, 2023.

## II. Applicable Law

Under 18 U.S.C. § 3582, as amended by the First Step Act, the Court "may not modify a term of imprisonment once it has been imposed," except that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

---

[1] The transcript of the sentencing hearing is attached hereto as Exhibit A.

> or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission, prior to the First Step Act's amendment of Section 3582, had promulgated a policy statement on compassionate release, U.S.S.G. § 1B1.13. The Second Circuit, however, has construed this policy statement as applicable only to compassionate release motions brought by the BOP, not those brought by defendants. *See United States v. Brooker*, 976 F.3d 228, 234–36 (2d Cir. 2020). Nevertheless, courts may "look[] to § 1B1.13 for guidance in the exercise of [their] discretion, but [are] free to consider 'the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.'" *United States v. Rodriguez*, 16 Cr. 07 (AJN), 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020) (quoting *Brooker*, 976 F.3d at 237).

Thus, in instances such as this, involving a motion brought by the defendant rather than by the BOP, there are three prerequisites for granting a compassionate release motion. First, the defendant must have exhausted his administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A). Second, the court must find that "extraordinary and compelling reasons warrant" a reduction of sentence. *Id.* § 3582(c)(1)(A)(i). And third, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* § 3582(c)(1)(A). In other words, the "existence of 'extraordinary and compelling reasons' for a reduction does not mean that a district court *must* release the defendant." *United States v. Madoff*, 465 F. Supp. 3d 343, 349 (S.D.N.Y. 2020). If a court finds that a defendant has established an extraordinary and compelling reason for a reduction in sentence, it must then consider the § 3553(a) factors.

As the proponent of the motion, the defendant bears the burden of proving that he is entitled to the requested relief under § 3582. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020) ("The defendant has the burden to show he is entitled to a sentence reduction.") (citing *Butler*); *United States v. Givens*, 14 Cr. 546-09 (CM), 2020 WL 4699042, at *2 (S.D.N.Y. Aug. 13, 2020) (similar).

### III. Discussion

The Court should deny the Motion for three reasons. *First*, Rawlins has not shown that he has exhausted his administrative remedies, as required by statute. *Second*, Rawlins fails to demonstrate the existence of any extraordinary and compelling reasons that would warrant compassionate release. *Third*, the application of the sentencing factors set forth in § 3553(a) counsel against his release.

### A. Rawlins Has Not Established Exhaustion of His Administrative Remedies

Rawlins' Motion fails at the outset because he has not demonstrated that he has exhausted his administrative remedies with the BOP.

Rawlins claims to have made a request for compassionate release on September 12, 2022 via email to RRM Nashville and Dismas Charities, a halfway house. Motion, at 9. He also asserts that he never received a response, despite a follow up email on September 21, 2022 to RRM Nashville and Dismas Charities, another follow up email on October 9, 2022 to RRM Nashville and Dismas Charities, and a final follow up inquiry on November 4, 2022 to Dismas Charities. *Id.* However, Rawlins fails to attach any documentation to substantiate his assertion, and records provided by the BOP, attached hereto as Exhibit B, do not reflect any compassionate release request submitted to RRM Nashville or any administrative remedy received or responded to.

Therefore, because Rawlins has not properly exhausted his remedies with the BOP, the Court should deny his Motion.

### B. Rawlins Has Not Established Extraordinary and Compelling Circumstances for Release.

Rawlins appears to assert "extraordinary and compelling" reasons for release based on the following grounds: (1) his apparent entitlement to additional Earned Time Credits unaccounted for by BOP; (2) his lack of disciplinary incidents and participation in educational and vocational programs; and (3) his desire to care for his ailing wife. None of these claimed reasons, either individually or collectively, establish extraordinary and compelling circumstances for release.

*First*, the thrust of Rawlins' Earned Time Credit argument appears to be that based on his own conservative calculation of his accrued Earned Time Credits, he is entitled to a release date of May 2, 2023, if not earlier, rather than the BOP's calculated release date of October 19, 2023. But similar arguments to Rawlins' contention that he is entitled to additional Earned Time Credits have been rejected by courts as an invalid basis for compassionate release. *See United States v. Denis*, 15 Cr. 632 (JGK), 2022 WL 4088058, at *3 (S.D.N.Y. Sept. 6, 2022). As those cases explain, "to the extent [a] defendant contends that he should receive these credits, he should exhaust his administrative remedies within the BOP and thereafter, if there is a dispute, proceed with a petition pursuant to 28 U.S.C. § 2241." *Id.*; *see also Rosenberg v. Pliler*, 21 Civ. 5321 (VEC), 2021 WL 6014938, at *2 (S.D.N.Y. Dec. 20, 2021) (explaining that inmates must comply with BOP's four-step Administrative Remedy Program before petitioning for Earned Time Credits).

Here, there is no indication that Rawlins has raised his arguments relating to his Earned Time Credits within the BOP's administrative framework. And even if Rawlins exhausted his administrative remedies, the proper vehicle to raise his Earned Time Credit claims is a § 2241

petition,[2] not a motion for compassionate release. Finally, Rawlins does not offer any substantiation for his own calculations of the Earned Time Credits to which he believes he is entitled, and records provided by the BOP, attached hereto as Exhibit C, confirm that his projected release date of October 19, 2023 already accounts for BOP's calculation of Rawlins' Good Conduct Time and Earned Time Credits.[3]

***Second***, Rawlins points to his participation in various educational and vocational programs while incarcerated, as well as his lack of any disciplinary incidents while incarcerated and while on home confinement. While these accomplishments are commendable, however, model prison conduct and participation in prison programs are also precisely what is expected of inmates. Indeed, recognizing that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 944(t), courts have concluded that even a clean disciplinary record and participation in work and educational programming do not present extraordinary and compelling reasons for release, *see, e.g.*, *United States v. Muntslag*, 13 Cr. 635 (AJN), 2022 WL 255347, at *4 (S.D.N.Y. Jan. 25, 2022); *United States v. Vaughn*, 17 Cr. 89 (CS), 2021 WL 4755071, at *2 (S.D.N.Y. Oct. 12, 2021).

***Third***, Rawlins argues that extraordinary and compelling circumstances exist based on his claim to be the only source of assistance for his wife, who suffered severe injuries from a fall she had in 1993, and who continues to suffer from mobility and cognitive issues, among other respiratory issues and anxiety.

Without downplaying the gravity of Rawlins' wife's medical issues, the record does not support extraordinary and compelling reasons for release. To start, aside from his own assertion that he is the sole caretaker for his wife, Rawlins does not explain why that is so or provide any evidence to support his claim that he is the only available caregiver. *See United States v. Bennett*, 15 Cr. 95 (JPC), 2022 WL 3445349, at *2 (S.D.N.Y. Aug. 17. 2022) (collecting cases denying compassionate release where movant failed to establish that no alternative sources of care were available). Moreover, the record reflects—albeit, as of 2016—that one of Rawlins' sons and his

---

[2]   Rawlins may file such a petition even though he is currently on home confinement and not incarcerated. *Cf. Rosato v. N.Y. Cty. Dist. Attorney's Office*, 09 Cr. 3742 (DLC), 2009 WL 4790849, at *4 (S.D.N.Y. Dec. 14, 2009) (explaining that the "Supreme Court's interpretation of the 'in custody' language in the federal habeas statute is not so narrow as to require that a prisoner be physically confined in order to challenge his sentence on habeas corpus," and that "an individual on probation or parole is 'in custody' for purpose of federal habeas corpus proceedings").

[3]   To the extent that Rawlins contends that his self-calculated release date of May 2, 2023 gives rise to extraordinary and compelling circumstances for release because it is "less than 7 months" away, Motion, at 8, that argument fails. *See, e.g.*, *United States v. Aswat*, 04 Cr. 356 (AT), 2021 WL 2018207, at *4 (S.D.N.Y. May 20, 2021) (finding no extraordinary and compelling reason for release despite defendant having served "approximately 90 percent of his sentence"); *United States v. Johnson*, 18 Cr. 907 (PAC), 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021) ("The fact that Johnson has served most of his sentence and is scheduled to be released in less than three months is not an extraordinary and compelling reason for a sentence reduction in this case, either.").

Case 1:15-cr-00377-AJN   Document 175   Filed 12/01/22   Page 6 of 7

Page 6

daughter-in-law live in the area, *see* Sentencing Tr. at 59-61, and that Rawlins' sister lives a couple hours away in Kentucky, *see* PSR ¶ 60. In these circumstances, Rawlins' desire to care for his wife does not rise to the level of extraordinary and compelling reasons for release. *See United States v. Guillen*, 18 Cr. 640 (RA), 2021 WL 77029, at *2 (S.D.N.Y. Jan. 7, 2021) (finding no extraordinary and compelling circumstance where defendant failed to provide evidence that he was the only available caregiver for his mother, and where defendant had various local relatives where his mother lived).

In any event, Rawlins is now under home confinement, and he writes in his motion that "[m]uch of [his] time is spent assisting [his wife] in daily activities, especially regarding mobility and cognitive issues." Motion, at 8. Therefore, even crediting Rawlins' assertion that he is his wife's sole source of assistance, it appears that he is in fact already able to assist his wife, and so the relief that he is seeking (*i.e.*, compassionate release so he can assist his wife) is moot.

### C. The Section 3553(a) Factors Weigh Against a Sentence Reduction

Even if the Court were to find extraordinary and compelling circumstances in this case, § 3582(c)(1) requires the Court to also consider the factors set forth in § 3553(a). Those factors include, among others, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to (a) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; and (c) to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). The appropriate inquiry in this context is whether the relevant factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence." *Ebbers*, 432 F. Supp. 3d at 430-31.

The balance of these factors in this case weighs against release. As the Court described at sentencing, the sentence in this case reflected a "serious and egregious crime," Sentencing Tr. at 77, involving Rawlins' victimization of his close friends and business associates over several years and his betrayal of their trust by stealing millions of dollars to pay for personal expenses, expensive Tiffany jewelry, expensive sports cars, a 12,000-square-foot house, and luxury suites at sporting events. The fraud resulted in real, devastating harm to victims—for example, a victim who gave a statement at sentencing explained that Rawlins' fraud plunged one of the healthcare companies into a "constant financial and organizational struggle," jeopardized both companies' financial status, stunted their growth, and devastated employee morale. *Id.* at 51-52.

Moreover, at sentencing, Rawlins expressed no genuine remorse or accepted responsibility for his actions, choosing instead to deflect blame to others in whom he claimed to have misplaced his trust, resulting in his convictions, *id.* at 69-71, and continuing to deny any culpability despite having been convicted, *id.* at 61. And in pronouncing sentence, the Court also explicitly accounted for Rawlins' age and his lack of criminal history, as well as his central role in supporting his family. *Id.* at 78-79.

Rawlins' argument essentially boils down to the fact that he believes he only has 6 months of home confinement remaining and has a clean disciplinary record, so he ought to be

released. But courts have cautioned against the use of motions for compassionate release to "'correct' the sentencing court's original judgment or to introduce unprincipled variance into the execution of duly-imposed sentences." *United States v. Daugerdas*, --- F. Supp. 3d ---, 2020 WL 2097653, at *4 (S.D.N.Y. 2020). There is no reason to disturb the Court's careful balancing of the 18 U.S.C. § 3553(a) factors at sentencing, and releasing Rawlins now for no principled reason would disserve the goals of the original sentence.

### IV.   Conclusion

For these reasons, the Government respectfully requests that the Court deny the Motion.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Jerry J. Fang
Assistant United States Attorney
Southern District of New York
(212) 637-2584
Jerry.Fang@usdoj.gov

cc  (by mail, with all attachments):
Steven Rawlins
RRM Nashville
701 Broadway, Suite 124
Nashville, TN 37203