December 12, 2022

**BY EMAIL: Temporary_Pro_Se_Filing@nysd.uscourts.gov**

The Honorable Alison J. Nathan
U.S. Circuit Judge (Sitting by Designation)
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Steven Rawlins*, 15 Cr. 377 (AJN)**

Dear Judge Nathan:

Defendant Steven Rawlins ("Rawlins") respectfully submits this letter in reply to the opposition
letter filed by the Government response to defendant Steven Rawlins' ("Rawlins'") *pro se*
motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release (the "Motion").

<b>Rawlins Has Not Established Exhaustion of His Administrative Remedies</b>

Rawlins is presently in home confinement under the oversight of the Nashville RRC and Dismas
Charities Halfway House.  The government states that "Rawlins' Motion fails at the outset
because he has not demonstrated that he has exhausted his administrative remedies with the
BOP".  The government is wrong.  In order to facilitate the Compassionate Release request in a
correct manner due to there being no warden relative to home confinement, Rawlins inquired of
his Dismas Case Manager and Director as per procedure.  Both advised that the correct
procedure consisted of sending the petition to the director of the Nashville RRC.  Rawlins did so
and followed up with inquiries in order to ensure that the petition had been received.  Rawlins
filed the request on 9.12.2022 and when no response was received after the 30 days prescribed
by the BOP, Rawlins emailed the RRC on 10.18.2022 to confirm no response.  Rawlins' Motion
to this Court was filed 11.14.2022, allowing for a total of 60 days for response.  Copies of emails
including all receivers copied is attached as Exhibit A.

<b>Rawlins Has Not Established Extraordinary and Compelling Circumstances for Release.</b>

***First***, the government states that "the thrust of Rawlins' Earned Time Credit argument appears to
be that based on his own conservative calculation of his accrued Earned Time Credits, he is
entitled to a release date of May 2, 2023, if not earlier, rather than the BOP's calculated release
date of October 19, 2023."  The government is wrong.  Rawlins is simply stating that his present
release date is October 19, 2023.  To clarify, Rawlins' received Earned Time Credit in early
2022 moving his release date from May 1, 2024 to May 1, 2023.  On October 16, 2023 the date
was changed, with no explanation, to October 19, 2023.  Rawlins informed the RRC (Ms.
Fulgum) and Dismas of this and was informed this had happened to a number of home
confinement cases.  Subsequently the BOP acknowledged an error had occurred and was being

1

corrected.  Rawlins' case manager presented him, as well as other affected individuals, with correspondence from the BOP acknowledging the error.  Rawlins has not yet had his credits restored and originated a formal administrative remedy request on November 17, 2022.  This process is documented in Exhibit B including a copy of the aforementioned BOP letter.

**Second**, the government states that "Rawlins points to his participation in various educational and vocational programs while incarcerated, as well as his lack of any disciplinary incidents while incarcerated and while on home confinement. While these accomplishments are commendable, however, model prison conduct and participation in prison programs are also precisely what is expected of inmates. Indeed, recognizing that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 944(t), courts have concluded that even a clean disciplinary record and participation in work and educational programming do not present extraordinary and compelling reasons for release."  Again, the government is incorrect.  Rawlins merely referenced his clear record as evidence of his complete following of the rules of conduct while incarcerated and does not intend this to be a basis for compassionate release.  Rawlins' point of inclusion is that he is not a risk to re-offend.  This is additionally supported by Rawlins' minimal risk rating as calculated by the BOP.

**Third**, the government states that "Rawlins does not explain why that is so or provide any evidence to support his claim that he is the only available caregiver."  The government goes on to state that "Moreover, the record reflects—albeit, as of 2016—that one of Rawlins' sons and his daughter-in-law live in the area, *see* Sentencing Tr. at 59-61, and that Rawlins' sister lives a couple hours away in Kentucky".  Clearly the government is wrong.  During Rawlins time at the Millington Satellite Camp (FCI Memphis) his wife lived with his son, daughter-in-law and grandson.  As of June, 2022, Rawlins' son move to a residence in Spring Hill, Tennessee, over 20 miles away from Mr. and Mrs. Rawlins.  The government's characterization of "in the area" regarding the relation between Mrs. Rawlins situation and additional family location is potentially a dangerous assumption and clearly shows either the government's lack of understanding of the seriousness of asthma or, at worst, its lack of concern.

### Rawlins Has Shown Extraordinary and Compelling Circumstances for Release.

The issue is not whether there are additional caregivers in the area, but rather how quickly a caregiver can react when Mrs. Rawlins has another medical emergency.

**First**, Mrs. Rawlins has asthma that has resulted in multiple trips to the emergency room over the years.  There is not a question regarding if she will have another emergency but rather when it will occur.  Mrs. Rawlins takes prescribed daily medications Montelukast and Symbicort, as well as Albuterol Sulfate as a "rescue inhaler".   Her asthma has worsened after a bout with COVID-19 in 2020.

**Second**, during asthma attacks time is critical and of the essence.  Mrs. Rawlins uses the rescue inhaler to restore breathing.  In the event this fails then immediate medical attention is of the utmost priority.  Every moment is critical when the rescue inhaler is not sufficient to abate an attack.

2

***Third***, Rawlins is the only assurance that Mrs. Rawlins will receive the care and attention required during a life-threatening attack. Minutes evaporate waiting for an ambulance to arrive, much less the closest relative who is over 30 minutes away. This firmly places her life in jeopardy. Rawlins' ability to swiftly act regarding this situation can, and in the past has, saved her life.

***Fourth***, Rawlins remaining on home confinement limits his ability to ensure his delivery of Mrs. Rawlins to emergency care in the event of a serious attack. In order to delivery her to the ER, Rawlins would have to first obtain permission from his Case Manager/Counselor, who is usually not immediately available. The additional wait time for Rawlins to secure this permission would result in irreparable harm to his wife and possibly cause her death. In addition, home confinement rules prevent *any* movements between the hours of 9pm and 6am. The majority of severe asthma attacks occur in the late evening hours. According to BOP Program Statement 7320.01 Require for Home Confinement Attachment B, I. 6. "An inmate serving a BOP sentence who fails to remain at the specified location may be considered an escapee. All escapes shall be immediately reported to the CCM". Rawlins believes the situation created by his wife's medical condition and the requirements of the RRM constitutes an extraordinary and compelling circumstance.

### The Section 3553(a) Factors Weigh Against a Sentence Reduction

Rawlins agrees with the government that "The appropriate inquiry in this context is whether the relevant factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence." Rawlins believes he has met the requirements for "extraordinary and compelling reasons". Only the Court can decide whether granting compassionate release would undermine the severity of the offense, or whether it would provide a proper deterrence to others and respect for the law. Rawlins strongly disagrees with the government's categorical reference to "at sentencing, Rawlins expressed no genuine remorse or accepted responsibility for his actions". This statement offers only an opinion from over six and one-half years ago and is as biased as a reference to race, religion, or sexual orientation. Rawlins has on numerous occasions during his incarceration expressed acceptance of responsibility for his conduct and remorse for the pain and hardship he caused to his victim. For the record, Rawlins restates again that he fully accepts responsibility and expresses sincere remorse for his conduct.

### Conclusion

For these reasons, Rawlins respectfully requests that the Court grant the Motion.

Respectfully submitted,

*Steven W. Rawlins*

_____

Steven W. Rawlins
22715-075
16206 Wyndchase Circle
Franklin, TN  37067
615.480.8652
swrawlins56@gmail.com

4

EXHIBIT A

 **Gmail**                 **Steven Rawlins <swrawlins56@gmail.com>**

---

# Request

**Steven Rawlins** <swrawlins56@gmail.com>            Mon, Sep 12, 2022 at 7:35 AM
To: "CNV-CCM-S (BOP)" <CNV-CCM-S@bop.gov>, ahall@dismas.com, Steven Rawlins <swrawlins56@gmail.com>

Ms. Fulgum,

I have prepared a motion for compassionate release, however, as is appropriate protocol, a request for compassionate release is to be first submitted to the institution initially. As I am under supervision of the RRC I am submitting to you directly for appropriate direction. Please contact my case manager (A Hall) or myself directly should any further information or clarity be necessary.

I appreciate your assistance in this matter. Also, please confirm receipt of this request.

Respectfully,

Steve Rawlins

---

📄 **Steven Rawlins Compassionate Release Request 9.11.2022.pdf**
348K

 **Gmail**

**Steven Rawlins <swrawlins56@gmail.com>**

# Update

**Steven Rawlins** <swrawlins56@gmail.com>

Wed, Sep 21, 2022 at 8:37 AM

To: "CNV-CCM-S (BOP)" <CNV-CCM-S@bop.gov>, ahall@dismas.com, cbryant@dismas.com, Steven Rawlins <swrawlins56@gmail.com>

Ms. Fulgum,

On September 12, 2022 I submitted a request for Compassionate Release to you via email.  Per protocol, this would first be submitted to the Warden of the institution of incarceration and, if rejected or no response is received within 30 days, motion can then be made to the Court.  Since I have been under supervision of the RRM since May 8, 2020 I submitted my request to your office.  Please advise if this was correct and if received.  I have the motion prepared but I wanted to ensure correct protocol. I have also attached a copy of the request statement should it not have been received.

Thank you.

Respectfully,

Steve Rawlins
22715-075

---

📄 **Steven Rawlins Compassionate Release Request 9.11.2022.pdf**
348K

 Gmail

**Steven Rawlins <swrawlins56@gmail.com>**

---

# Update

**CNV-CCM-S (BOP)** <CNV-CCM-S@bop.gov>                    Thu, Sep 22, 2022 at 7:07 AM
To: Steven Rawlins <swrawlins56@gmail.com>

We have received your request for compassionate release and I have forwarded it to Sector Management Team.  I have not received anything back at this time.

Thank you,

Ms. Fulgum

---

**From:** Steven Rawlins <swrawlins56@gmail.com>
**Sent:** Wednesday, September 21, 2022 1:37 PM
**To:** ahall@dismas.com <ahall@dismas.com>; cbryant@dismas.com <cbryant@dismas.com>; CNV-CCM-S
(BOP) <CNV-CCM-S@bop.gov>
**Subject:** [EXTERNAL] Update

[Quoted text hidden]

 **Gmail**

**Steven Rawlins <swrawlins56@gmail.com>**

# Update

**CNV-CCM-S (BOP)** <CNV-CCM-S@bop.gov>                Thu, Sep 22, 2022 at 7:40 AM
To: Steven Rawlins <swrawlins56@gmail.com>

Just fyi, I sent another e-mail to SMT - Sector Management Team that you reach out to know the status.

Thank you,

Ms. Fulgum

**From:** Steven Rawlins <swrawlins56@gmail.com>
**Sent:** Thursday, September 22, 2022 12:34 PM
**To:** CNV-CCM-S (BOP) <CNV-CCM-S@bop.gov>
**Subject:** [EXTERNAL] Re: [EXTERNAL] Update

[Quoted text hidden]

 Gmail

**Steven Rawlins <swrawlins56@gmail.com>**

# Update

**Steven Rawlins** <swrawlins56@gmail.com>                    Thu, Sep 22, 2022 at 8:21 AM
To: "CNV-CCM-S (BOP)" <CNV-CCM-S@bop.gov>

Thank you again.  For clairity, should I reach out to you at some point for an update or is there an email to contact SMT?

[Quoted text hidden]

 **Gmail**                             **Steven Rawlins <swrawlins56@gmail.com>**

# Update

**CNV-CCM-S (BOP)** <CNV-CCM-S@bop.gov>         Fri, Sep 23, 2022 at 8:47 AM
To: Steven Rawlins <swrawlins56@gmail.com>

You can e-mail this office for updates.

Thank you,

Ms. Fulgum

---

**From:** Steven Rawlins <swrawlins56@gmail.com>
**Sent:** Thursday, September 22, 2022 1:21 PM
**To:** CNV-CCM-S (BOP) <CNV-CCM-S@bop.gov>
**Subject:** [EXTERNAL] Re: [EXTERNAL] Re: [EXTERNAL] Update

[Quoted text hidden]

 **Gmail**

**Steven Rawlins <swrawlins56@gmail.com>**

---

# Update

**Steven Rawlins** <swrawlins56@gmail.com>      Mon, Oct 3, 2022 at 8:27 AM
To: "CNV-CCM-S (BOP)" <CNV-CCM-S@bop.gov>, ahall@dismas.com,
cbryant@dismas.com, Steven Rawlins <swrawlins56@gmail.com>

   Good Morning.

   When convenient, would you be so kind as to check the status of my
   compassionate release request?  Many thanks.

   Steve Rawlins
   22715-075

 Gmail                                    Steven Rawlins <swrawlins56@gmail.com>

# Update

**CNV-CCM-S (BOP)** <CNV-CCM-S@bop.gov>                    Sun, Oct 9, 2022 at 7:49 AM
To: Steven Rawlins <swrawlins56@gmail.com>

I will send another e-mail request asking for the status.

Thank you,

Ms. Fulgum

---

**From:** Steven Rawlins <swrawlins56@gmail.com>
**Sent:** Monday, October 3, 2022 1:27 PM
**To:** ahall@dismas.com <ahall@dismas.com>; cbryant@dismas.com <cbryant@dismas.com>; CNV-CCM-S (BOP) <CNV-CCM-S@bop.gov>
**Subject:** [EXTERNAL] Re: [EXTERNAL] Re: [EXTERNAL] Re: [EXTERNAL] Update

[Quoted text hidden]

                         **Steven Rawlins <swrawlins56@gmail.com>**

# Compassionate Release

**Steven Rawlins** <swrawlins56@gmail.com>             Tue, Oct 18, 2022 at 2:04 PM
To: "CNV-CCM-S (BOP)" <CNV-CCM-S@bop.gov>
Cc: ahall@dismas.com, cbryant@dismas.com, Steven Rawlins <swrawlins56@gmail.com>

I filed a compassionate release request on 9.12.2022.  Over 30 days have elapsed and I
have had no response.  As per BOP guidelines I will be filing motion with the Court for
Compassionate Release.

Steven Rawlins
22715-075

EXHIBIT B

 **Gmail**                                      **Steven Rawlins <swrawlins56@gmail.com>**

---

# Update

**Steven Rawlins** <swrawlins56@gmail.com>                    Sun, Oct 9, 2022 at 8:06 AM
To: "CNV-CCM-S (BOP)" <CNV-CCM-S@bop.gov>

Many thanks.  I really appreciate it.

Also, my out-date listed online at bop.gov moved from 5.1.2023 ti 10.19.2023 this past Thursday.  I inquired at Dierson on Friday but their system still shows 5.1.2023.  No one can give an answer.  I have zero discipline incidents, no issues, and a full slate of FSA credits.  Would you suggest filing a grievance?

Thank you so much.

Steven Rawlins
22715-075

[Quoted text hidden]

 **Gmail**                       **Steven Rawlins <swrawlins56@gmail.com>**

# Update

**CNV-CCM-S (BOP)** <CNV-CCM-S@bop.gov>            Tue, Oct 18, 2022 at 1:58 PM
To: Steven Rawlins <swrawlins56@gmail.com>

Did you receive a letter regarding the change?

Thank you,

Ms. Fulgum

---

**From:** Steven Rawlins <swrawlins56@gmail.com>
**Sent:** Sunday, October 9, 2022 1:06 PM
**To:** CNV-CCM-S (BOP) <CNV-CCM-S@bop.gov>
**Subject:** [EXTERNAL] Re: [EXTERNAL] Re: [EXTERNAL] Re: [EXTERNAL] Re: [EXTERNAL] Update

[Quoted text hidden]

 **Steven Rawlins <swrawlins56@gmail.com>**

# Update

**Steven Rawlins** <swrawlins56@gmail.com>       Tue, Oct 18, 2022 at 2:01 PM
To: "CNV-CCM-S (BOP)" <CNV-CCM-S@bop.gov>

No, I didn't.

Sent from my iPhone

> On Oct 18, 2022, at 1:58 PM, CNV-CCM-S (BOP) <CNV-CCM-S@bop.gov>
> wrote:

[Quoted text hidden]

 **Gmail**                       **Steven Rawlins <swrawlins56@gmail.com>**

# Update

**Steven Rawlins** <swrawlins56@gmail.com>         Wed, Oct 19, 2022 at 12:33 PM
To: "CNV-CCM-S (BOP)" <CNV-CCM-S@bop.gov>, ahall@dismas.com

I received the attached this morning.  Is this the document you were referring to?  I have heard nothing regarding the FSA earned credit time that was taken away being restored.

Also, I am working on my formal motion to the court regarding compassionate release. Since I have had no response within 30 days of submission this motion is appropriate. However, in your opinion, should I allow a bit more time for Sector Management Team to respond before filing?

Thank you.

Steve Rawlins
22715-075

[Quoted text hidden]

 Gmail

**Steven Rawlins <swrawlins56@gmail.com>**

# Correction of FSA ETC

**Steven Rawlins** <swrawlins56@gmail.com>                Fri, Nov 11, 2022 at 11:11 AM
To: "CNV-CCM-S (BOP)" <CNV-CCM-S@bop.gov>
Cc: Aareon Hall <ahall@dismas.com>, cbryant@dismas.com, Steven Rawlins
<swrawlins56@gmail.com>

As I have had no response regarding the correction of my Earned Time Credits that were
removed in June. 2022, please see the attached formal request.

Thank you.

Respectfully,

Steven Rawlins
22715-075

---

📄 **Steven Rawlins Administrative Remedy Request 11.11.2022.pdf**
    38K



**U.S. Department of Justice**
Federal Bureau of Prisons

Reentry Services Division

*Office of the Residential Reentry*
*Management Branch Administrator*

Washington, DC 20534

October 14, 2022

## RESIDENTIAL REENTRY CENTER & HOME CONFINEMENT RESDIENT MESSAGE AUTO-CALULATION OF FEDERAL TIME CREDITS (FTC)

Under the First Step Act of 2018 (FSA), eligible individuals in Bureau of Prisons (BOP) custody are able to earn and apply time credits toward time off their sentences and/or early placement in pre-release custody. Since January 2022, BOP has been calculating these credits using interim procedures. Recently, the agency moved to a more precise automated calculation, which led to some calculations changing which impacted some inmates' community placement dates.

As of the issuance of this document, individuals already in community placements or within two months of a community placement who had received FSA time credit under the interim calculation, will not see a change in release date based on the automated calculation.

Additional information will be provided to BOP staff and individuals in custody regarding the automated calculation as it applies to those with more than two months until community placement.